**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CURTIS DOBBINS, JR., #687734,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1159-L |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently incarcerated at the Hutchins State Jail of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Dallas, Texas. Respondent is the Director of the TDCJ-CID. No process has been issued in this case.

Statement of the Case:  After a bench trial in the 208th District Court of Harris County, Texas, in Cause No. 646440, Petitioner was convicted of unauthorized use of a motor vehicle. (Petition (Pet.) at 2-3). His conviction and sentence were affirmed on direct appeal. Dobbins v. State, No. 13-93-499-CR (Tex. App. -- Corpus Christi Feb. 23, 1995, pet. ref'd). Petitioner

subsequently filed a state habeas application, which the Texas Court of Criminal Appeals denied without written order. Ex parte Dobbins, No. 35, 084-01 (Tex. Crim. App., Sept. 17, 1997).

Petitioner also filed a prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the conviction at issue in this case on the ground that the sentence imposed constituted cruel and unusual punishment in violation of the Eighth Amendment. See Dobbins v. Johnson, Civil Action H-97-3158 (S.D. Tex., Houston Div.). On November 19, 1998, the court denied and dismissed the habeas corpus petition with prejudice. Petitioner subsequently filed a state habeas application, which was denied by the Court of Criminal Appeals. (Pet. at 3-4).

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his conviction for unauthorized use of a motor vehicle. He asserts the following new grounds: (1) his conviction was obtained in violation of the privilege against self incrimination, (2) the prosecution failed to inform defendant of evidence favorable to him; (3) he was denied the effective assistance of counsel; and (4) he was denied time credit on sentence for purposes of determining his eligibility for mandatory supervision release.

Findings and Conclusions: The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In Felker v. Turpin, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the

2

district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir.), cert. denied, 540 U.S. 910, 124 S.Ct. 287, 157 L.Ed.2d 200 (2003).

The facts underlying Petitioner's first three claims, relate to events that occurred at trial, long before Petitioner filed his first federal habeas petition in 1997. These claims were, thus, available to him when he filed his initial federal petition and could have been raised in that petition, but Petitioner failed to do so. As noted previously "[u]nder the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." Crone, 324 F.3d at 837. Although these claims may have been unexhausted at the time Petitioner filed his initial federal habeas petition, his failure to assert the claims in that petition renders the present petition an abuse of the writ. See Crone, 324 F.3d at 838 (failure to bring jail time credit claim in initial federal petition, despite the fact that the claim was unexhausted and arose prior to prisoner filing his initial federal petition, rendered the second federal petition an abuse of the writ). Therefore, the court concludes that Petitioner's first three claims are "successive" under the AEDPA.

In his last ground, Petitioner challenges the denial of time credits for purposes of qualifying for mandatory supervision release. He alleges that he should have been released on mandatory supervision or parole in May 1995. (See Handwritten attachment to federal petition at p.2 of denial of time credits on sentece). Since the facts underlying Petitioner's last claim

3

accrued before he filed his first federal habeas petition in 1997, the court concludes that this claim is also successive within the meaning of 28 U.S.C. § 2244(b).  See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (a subsequent petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.").

     Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the present petition, this court lacks jurisdiction to consider the same.  Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).  Therefore, this petition should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 28th day of June, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.